# EXHIBIT A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

---

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 4402 03

---

SINCLAIR MEDIA III, INC.
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124

**Control Number:** 230933
**Defendant:** SINCLAIR MEDIA III, INC.
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124 US

**Agent:** C. T. Corporation System
**County:** Cabell
**Civil Action:** 18-C-563
**Certified Number:** 92148901125134100002440203
**Service Date:** 12/4/2018

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

CERTIFIED MAIL



U.S. POSTAGE >> PITNEY BOWES



ZIP 25311 $ 006.37⁰
02 4W
0000336734 DEC 04 2018

Wolters Kluwer

☒ Please note that the documents attached are of poor quality and the enclosed scan is of the best quality attainable. If you require improved quality documents, please contact the serving party.

☐ Please note that the documents appear to possibly be missing pages, but documents were scanned as received.

# SUMMONS

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

JIM BARACH,

    Plaintiff,

v.

    Civil Action no. 18-C-563
    JUDGE /s/ GREGORY L. HOWARD, JR.

SINCLAIR MEDIA III, INC., d/b/a
WCHS-TV and WVAH-TV,

    Defendant.

TO:   SINCLAIR MEDIA III, INC., dba
       WCHS-TV and WVAH-TV
       C/O CT Corporation System
       1627 Quarrier Street
       Charleston, West Virginia 25311

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Richard W. Walters**, plaintiff's attorney, whose address is **P. O. BOX 3973, CHARLESTON, WEST VIRGINIA 25339**, an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: NOV 01 2018

/s/ JEFFREY E. HOOD
Clerk of Court
By _____ Deputy


FILED

## CASE INFORMATION STATEMENT

### CIVIL CASES

### IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA:

**************************************************************

**I. CASE STYLE:**

JIM BARACH,

      Plaintiff,

v.

      Civil Action no. 18-C-563
      JUDGE _____
      /s/ GREGORY L. HOWARD, JR

SINCLAIR MEDIA III, INC., d/b/a
WCHS-TV and WVAH-TV,

      Defendant.

| | Days to Answer: | Type of Service: |
|---|---|---|
| Sinclair Media III, Inc., d/b/a WCHS-TV and WVAH-TV c/o CT Corporation System 1627 Quarrier Street Charleston, WV 25311 | 30 | SOS |

**II. TYPE OF CASE:**

| TORTS | OTHER | CIVIL |
|---|---|---|
| ____ Asbestos | ____ Adoption | ____ Appeal From Magistrate Court |
| ____ Professional Malpractice | ____ Contract | ____ Petition For Modification Of Magistrate Sentence |
| ____ Personal Injury | ____ Real Property | ____ Miscellaneous Civil |
| ____ Wrongful Death | ____ Mental Health | ____ Other |

____Product Liability         ____Appeal of Administrative Agency

__X__ Other Tort

**III. JURY DEMANDED:** __X__ YES   ____ NO

CASE WILL BE READY FOR TRIAL BY:   August / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ___ Yes __X__ No

IF YES, PLEASE SPECIFY:

___ Wheelchair accessible hearing room and other facilities.

___ Interpreter or other auxiliary aid for the hearing impaired.

___ Reader or other auxiliary aid for the visually impaired.

___ Spokesperson or other auxiliary aid for the speech impaired.

___ Other: _____

---

Attorney: Richard W. Walters, Esq. (WVSB #6809)   Representing:
Firm: Shaffer & Shaffer, PLLC                    __X__ Plaintiff  ____ Defendant
Address: 2116 Kanawha Blvd.
PO Box 3973
Charleston, WV 25339

Telephone No: (304) 344-8716
Fax No: (304) 344-1481

Dated: 10/30/18

Richard W. Walters

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

JIM BARACH,

    Plaintiff,

v.

Civil Action no. 18-C-563
JUDGE
/s/ GREGORY L. HOWARD, JR.

SINCLAIR MEDIA III, INC., d/b/a
WCHS-TV and WVAH-TV,

    Defendant.

## COMPLAINT

Comes now the Plaintiff, Jim Barach, by counsel, Richard W. Walters and Carl W. Shaffer, and the law firm of Shaffer & Shaffer, PLLC, and for his Complaint against the Defendant, Sinclair Media III, Inc., states and alleges as follows:

### PARTIES

1. Jim Barach ("Plaintiff") was, at all times relevant herein, a citizen and resident of Kanawha County, West Virginia.

2. Sinclair Media III, Inc. ("Defendant"), is a Maryland corporation authorized to conduct business in the Cabell County, West Virginia, area and was actually conducting business in Cabell County at all times relevant herein.

### JURISDICTION & VENUE

3. This Court has jurisdiction over this action because Defendant conducts business in Cabell County, West Virginia.

4. Venue is proper in this Court as the Defendant conducts business in Cabell County, West Virginia.

## FACTUAL BACKGROUND

5. Defendant operates two television stations, WCHS-TV and WVAH-TV, licensed to do business in Cabell County, West Virginia.

6. Defendant's primary business function is the operation of local news stations.

7. WCHS-TV and WVAH-TV's, primary business function is the operation of a local news station in the southern West Virginia area.

8. For thirteen years, beginning July 11, 2005, Defendant employed Plaintiff as a meteorologist.

9. For the entire thirteen years of Plaintiff's employment with Defendant, Plaintiff served as Defendant's chief meteorologist.

10. For about the first eleven years of Plaintiff's employment, Plaintiff received highly positive performance reviews.

11. For about the first eleven years of Plaintiff's employment, Defendant renewed Plaintiff's employment on a two-year or three-year contract basis.

12. In July 2017, Plaintiff received from Defendant his first negative performance review.

13. In July 2017, Plaintiff's employment contract was renewed for one year rather than the typical two years.

14. At that time, Plaintiff was approximately sixty years old.

15. In January 2018, Plaintiff's supervisor told Plaintiff that the station's weather presentation needed to be "younger and hipper."

16. Defendant terminated Plaintiff's employment on June 1, 2018, with an effective date of July 31, 2018.

17. Defendant replaced Plaintiff with a thirty-nine year old person.

2

18. Defendant promoted a person in his early thirties as its morning meteorologist.

19. Defendant promoted a person in his twenties as its weekend meteorologist.

## COUNT I—AGE DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

20. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

21. The West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1 et seq., maintains that "[e]qual opportunity in the areas of employment . . . is hereby declared to be a human right or civil right of all persons without regard to . . . age." W. Va. Code § 5-11-2.

22. Defendant is an "employer" under the WVHRA, as defined in W. Va. Code § 5-11-3(d).

23. The WVHRA defines "discriminate" or "discrimination" as "to exclude from, or fail or refuse to extend to, a person equal opportunities because of . . . age." W. Va. Code § 5-11-3(h).

24. According to the WVHRA, it is unlawful "[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required." W. Va. Code § 5-11-9(1).

25. Defendant discriminated against Plaintiff on the basis of his age when Defendant fired Plaintiff in an effort to be "younger and hipper."

26. As a direct and proximate result of Defendant's unlawful conduct in violation of the WVHRA, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

## COUNT II—AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

27. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

28. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., provides that "the purpose of this Act [is] to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b).

29. Plaintiff falls within the age limits necessary for coverage by the ADEA, as such age limits are set forth in 29 U.S.C. § 631.

30. Defendant is an "employer" under the ADEA, as defined in 29 U.S.C. § 630(b).

31. According to the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

32. Defendant violated the ADEA when it discharged Plaintiff in an effort to be "younger and hipper."

33. Defendant otherwise discriminated against Plaintiff in violation of the ADEA in its treatment of Plaintiff in the months leading to Plaintiff's discharge.

34. As a direct and proximate result of Defendant's unlawful conduct in violation of the ADEA, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

4

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Compensatory damages, including lost wages and benefits;

b. Emotional distress damages;

c. Punitive damages;

d. Attorney fees and costs;

e. Prejudgment interest on all amounts claims; and

f. Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

            **JIM BARACH,
Plaintiff,**

            **By Counsel,**

*/s/ Richard W. Walters*

Richard W. Walters (WVSB #6809)
Carl W. Shaffer (WVSB #13260)
Shaffer & Shaffer, PLLC
P.O. Box 3973
Charleston, WV 25339
Telephone: (304) 344-8716